FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 0 4 2006

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Z.M.A, a minor child, by and through
her mother, parent, legal guardian,
and next friend, Marie Lujan,

         Plaintiff,

vs.

SANTA FE PUBLIC SCHOOLS et al.,

         Defendants.

CIVIL NO. 06-158 DJS/LFG

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO COMPEL,
## BUT REQUIRING AN *IN CAMERA* INSPECTION

On July 11, 2006, the minor child, Z.M.A., through her mother Marie Lujan, filed a motion to compel [Doc. 26] the New Mexico Children, Youth and Families Department, Protective Services Division, to produce for inspection and copying "all social records, including diagnostic evaluation, psychiatric reports, medical reports, social studies reports, pre-parole reports and supervision histories obtained by any juvenile probation office, parole officers and parole board or in the possession of the CYFD." The documents which Z.M.A. and her mother seek relate to "any investigation of two other juveniles, AT and his brother ET, arising from any referrals made to the Children, Youth and Families Department of the State regarding any abuse to or by these individuals."

The Children, Youth and Families Department opposes the motion asserting that the documents sought are deemed confidential as a matter of law.

## Background

The sexual abuse at issue in this case is alleged to have occurred on August 18, 2003, on the first day of the 2003-2004 school year. The alleged victim and the alleged abuser are both children. Z.M.A. was enrolled in the Tesuque Elementary School kindergarten program, and her mother alleges that on the afternoon of the first school day, Z.M.A. and her brother were on the bus being transported to their home. The mother alleges that AT, a child, was also a passenger on the bus and that AT took Z.M.A. to the back of the school bus where he assaulted Z.M.A. by inserting his hand into Z.M.A.'s pants and underpants and fondling her vaginal area.

The mother alleges that AT had previously "acted out sexually and physically" both in and out of school and that his conduct was known or should have been known to the Defendants. Indeed, the mother contends that due to AT's "specific propensity for physically and sexually acting out," he was previously assigned to a special bus for disabled students rather than to school bus No. 20, the bus wherein the incident is alleged to have occurred.

The mother contends that AT has a family past that includes prior sexual abuse by AT and his older brother ET of several female relatives, and that AT's family history of alleged prior incidents of sexual and physical abuse placed school Defendants on actual or constructive notice of the creation of a dangerous condition.

## Analysis

Discovery is permitted into any non-privileged matter relevant to the parties' claims or defenses. Fed. R. Civ. P. 26. Thus, to the extent that Plaintiff claims that Defendants knew or should have known before this incident that AT was a child who sexually abused other children, some of the information sought may be relevant to her claims. For example, if Plaintiff is correct that AT had a history of sexually abusing female children and if this information was known to these

specific defendants, and they in willful disregard of Z.M.A.'s substantive or constitutional rights refused to take steps to protect her from abuse, that information may be discoverable.

Plaintiff, however, does not seek information from Defendants, such as, what information did Defendants have about AT or his alleged propensity to physically and sexually abuse others. Rather, Plaintiff seeks records from the Children, Youth and Family Department ("CYFD") concerning alleged referrals to that agency relating to AT or his brother ET.

New Mexico law protects various categories of documents relating to children under New Mexico's Children's Code, NMSA (1978) § 32A-1-1 *et seq.* Specifically, New Mexico law provides:

> All social records pertaining to the child, including all related diagnostic evaluations, psychiatric reports, medical reports, social studies reports, records from local detention facilities, client-identifying records from facilities for the care and rehabilitation of delinquent children, pre-parole reports and supervision histories obtained by the juvenile probation office, parole officers and parole board or in possession of the department, are confidential and shall not be disclosed directly or indirectly to the public.

NMSA (1978) § 32A-2-32. Indeed, the State Legislature has imposed criminal penalties for whoever intentionally or unlawfully releases information or records that are closed to the public under this section of the law. Id., at § 32A-2-32(C).

The Children's Code allows various exemptions to the record release restrictions. Section 32A-2-32(B)1-16 provides sixteen specific exceptions to the disclosure prohibitions. However, neither Z.M.A., her mother, nor their counsel fall within the exemptions. There is one provision, § 32A-2-32(B)(17), that allows CYFD to release records to "any other person or entity, by order of the court, having an legitimate interest in the case or work of the court." The "court" referred to in the statute means the Children's Court division of the New Mexico district court or a judge thereof.

3

NMSA (1978) § 32A-1-4(C).

Many records sought by Plaintiff in this case concerning proceedings in the Children's Court are not prepared for the public's perusal or review, but, rather, are prepared by juvenile probation officers, an arm of the judiciary, for use by the court in its dispositional hearings. These records are distinct and separate from the current civil case.

To the extent juvenile probation officers prepared records for the Children's Court judge, or records relating to dispositional hearings or probation, those records are not available for public review. Probation officers are charged with the duty of conducting investigations in cases and preparing reports to be submitted to the Children's Court judge. There is no statutory provision or court rule authorizing disclosure of such reports to third persons. However, it has been almost universally held that because reports such as these are prepared exclusively at the direction and for the benefit of the court as in aid in arriving at a proper disposition. "[I]t is essential that the confidentiality of such report be protected to insure the free flow of information." United States v. Dingle, 546 F.2d 1378, 1381 (10th Cir. 1976).

> Both the entire thrust of Rule 32(c) and our local Criminal Rule 2.07, and the policies they both serve, make plain the need for such confidentiality. We judges would break faith with defendants, whom we uniformly urge to cooperate with and make full disclosure to the Probation Office to assist us in our sentencing decisions, if we opened the reports up to public scrutiny.

Board of Education v. Admiral Heating & Ventilation, Inc., 513 F. Supp. 600, 605 (N.D. Ill. 1981).

In Beller v. United States, CIV 02-1368, the plaintiff sought to obtain a pre-sentence report relating to a non-party in the case for use in a subsequent civil prosecution for damages. In denying the release of probation and pre-sentence records, the court stated:

> "The history of Rule 32(c) reflects a longstanding judicial view that confidentiality should be maintained." United States v. Charmer

4

> Indus.. Inc., 711 F.3d 1164, 1173 . . . . In <u>United States v. Corbitt</u>, 879 F.2d 224, 229 (7th Cir. 1989) the Seventh Circuit noted, "It is clear that presentence reports have traditionally been confidential--indeed, it is only in the past 25 years that the *Defendant* has had access to the presentence report, either as a discretionary matter or as of right." [Emphasis in original].

In denying Beller's request for the pre-sentence report, the court relied on, *inter alia*, on <u>United States Department of Justice v. Julian</u>, 486 U.S. 1, 12, 108 S. Ct. 1606, 1613 (1988), which held:

> Both parties agree that in both civil and criminal cases the courts have been very reluctant to give *third parties* access to the presentence investigation report prepared for some other individual or individuals . . . . As the government points out, one reason for this is the fear that disclosure of the reports will have a chilling effect on the willingness of various individuals to contribute information that will be incorporated into the report . . . . A second reason is the need to protect the confidentiality of the information contained in the report. Accordingly, the courts have typically required some showing of special need before they will allow a third party to obtain a copy of a presentence report. [Emphasis in original].

In this case, Plaintiff seeks the very kind of information that this Court previously determined was confidential and not discoverable.

New Mexico's substantive law, as outlined in the Children's Code, is clear. Various records are simply confidential. That would include any diagnostic evaluation, psychiatric reports, medical reports, social studies reports, pre-parole reports and supervision histories.

The Court does draw a distinction on investigative reports. To the extent that CYFD may have conducted an investigation into the allegations of sexual abuse <u>in this case</u>, the factual findings may well be discoverable. In <u>Frankenhauser v. Rizzo</u>, 59 F.R.D. 339 (E.D. Pa. 1973), the plaintiff sought to discover certain police investigative reports relating to a shooting. There, as here, the defendant argued that the documents were privileged. In finding that executive privilege could not

5

be extended to cover investigative files, the court struck a delicate balance between confidentiality of government information and the right of a litigant to obtain data needed to prosecute an action. In weighing these interests, the court developed a ten-factor test which has become known as the Frankenhauser standards. These standards are generally applicable to situations where the government secured information from citizens and there are concerns about discouraging citizens from giving governmental information, or disclosing the identity of individuals involved, and whether governmental self-evaluation and program involvement will be chilled by disclosure.

For our purposes, the significant Frankenhauser factor is whether the information sought is factual data or evaluative summary. For example, if an investigation has been completed and factual determinations made, that information is discoverable as opposed to evaluative summaries or opinions of the investigator.

It is unclear whether CYFD had any involvement whatsoever in the investigation of the incident which gave rise to this lawsuit. If it did, its investigative report should be submitted to the Court for an *in camera* review, and the Court will determine what portions, if any, can be discovered by Plaintiff in redacted form. If CYFD did not conduct an investigation, then, their records are not subject to inspection via the subpoena.

The Court recognizes that parties ought to have access to information to prove their claims or defenses. However, in balancing the right of the public with the rights of minor children, the New Mexico Legislature opted to provide protections against disclosure of sensitive records and information relating to children, and it carved out an area of broad exception. The information sought by Plaintiff falls within the area where the State Legislature has prohibited release.

Accordingly, the Court denies Plaintiff's motion to compel save for any CYFD investigative reports relating to the incident in questions. Those reports are to be submitted to the undersigned

6

judge within ten working days for an *in camera* inspection.

This limitation on discovery does not prevent Plaintiff from determining what information Defendants had in their possession or were aware of at or prior to the date of the incident in question, regarding AT's alleged propensity for physical and sexual abuse, Plaintiff may proceed on appropriate discovery to ascertain that.

*/s/ Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge